## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

CURTIS A. BROWN,             :

    Plaintiff,            :

v.                   :      CASE NO.: 1:21-CV-189 (LAG)

WARDEN WALTER BERRY, *et al.*,  :

    Defendants.       :

_____ :

### <u>ORDER</u>

Before the Court is Plaintiff Curtis A. Brown's Objection (Doc. 37) to the Report and Recommendation (R&R) (Doc. 34) granting Defendant's Motion for Summary Judgment (Doc. 30). After the Magistrate Judge entered the R&R, the deadline to object passed, and the Court accepted and adopted the Report and Recommendation on August 10, 2023. (Doc. 35). Judgment was entered the same day. (Doc. 35). The Court did not receive the Objection (Doc. 37), dated August 9, 2023, to the Report and Recommendation until August 16, 2023. (*See* Docket). As explained below, after reviewing the Objection, the Court finds it to be without merit, and, thus, declines to vacate its previous order accepting and adopting the R&R granting summary judgment for the Defendants. (*See* Doc. 34).

*Pro se* Plaintiff Curtis A. Brown initiated this 42 U.S.C. § 1983 action on October 20, 2021, alleging that his constitutional rights were violated during his detention at Hancock State Prison (HSP) in Sparta, Georgia. (Doc. 1 at 1). Plaintiff brought claims against HSP Warden Toby and three Autry State Prison (ASP) officials, Warden Berry, Deputy Warden Gammage, and Captain Banks. (*Id.* at 4–11). After Plaintiff filed a Supplemental Complaint (Doc. 9), the Magistrate Judge issued an Order and Recommendation (O&R) concluding that two of Plaintiff's claims should proceed for further factual development: (1) Plaintiff's Fourteenth Amendment due process claims

against Defendants Berry, Gammage, Banks, and Toby based on Plaintiff's confinement in Tier II segregation from September 2018 to August 2019; and (2) Plaintiff's Eighth Amendment claim against Defendant Toby based on the conditions of Plaintiff's cell in August 2019. (Doc. 10 at 7–11). The Magistrate Judge recommended that the Court dismiss without prejudice Plaintiff's remaining conditions of confinement claim, inadequate treatment claim, deprivation of personal property claim, and equal protection claim. (*Id.* at 8–15). The Court adopted the report and recommendation. (Doc. 16).

The remaining Defendants filed a Motion for Summary Judgment on November 17, 2022. (Doc. 30). On July 17, 2023, the Magistrate Judge issued the R&R. (Doc. 34). Therein, the Magistrate Judge recommended that the Court grant Defendants' Motion for Summary Judgment and enter judgment in Defendants' favor. (*Id.* at 20). The Magistrate Judge found that Defendants were entitled to summary judgment because: (1) Plaintiff failed to establish Defendants violated his due process rights by placing him in Tier II segregation and (2) Plaintiff failed to exhaust his administrative remedies for his conditions of confinement claim against Defendant Toby. (*Id.* at 5–19).  The Magistrate Judge's recommendation triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1)(C) for the parties to file written objections.

The fourteen-day period to file objections expired, and the Court entered an order on August 10, 2023, accepting and adopting the Magistrate Judge's R&R and granting Defendant's Motion for Summary Judgment (Doc. 30). Judgment was entered in Defendants' favor the same day. (Doc. 36). Defendant's Objection, dated August 9, 2023, was filed on August 16, 2023. (Doc. 37). Therein, Plaintiff states that if "the[] objections are to be consider[ed] late, its not my fault and I have no control over it." (Doc. 37-1). According to Plaintiff, "the mail [at the prison] does not run on a daily basis here" and he did not receive the R&R on August 1, 2023." (*Id.*). Accepting that Plaintiff did not receive the R&R until August 1, 2023, his Objection dated August 9, 2023, is timely. *See* 28 U.S.C. § 636(b)(1)(C) (explaining that a party must file an objection "[w]ithin fourteen days after being served with a copy" of the R&R); *See Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) ("Under the 'prison mailbox rule' a pro se prisoner's court filing is deemed

filed on the date it is delivered to prison authorities for mailing[.]”); *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam) (“Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it.” (citation omitted)).  Thus, the Court considers the merits of the Objection.

District courts have “the duty to conduct a careful and complete review” to determine “whether to accept, reject, or modify” a magistrate judge’s report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). The Court reviews de novo the dispositive portions of a magistrate judge’s report and recommendation to which a party objects and reviews the rest for clear error. *See* 28 U.S.C. § 636(b)(1)(A), (C); Fed. R. Civ. P. 72(a), (b)(3). Objections to a magistrate judge’s recommendation “must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.” *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). An objecting party “must clearly advise the district court and pinpoint the specific findings that the party disagrees with.” *Id.* at 1360.

Plaintiff first objects to the dismissal of the conditions of confinement claim against Defendant Toby for failure to exhaust administrative remedies. (Doc. 37). Plaintiff argues that Defendants’ assertion that Plaintiff failed to follow the proper procedures when he filed a grievance regarding his transfer from ASP to HSP is “untrue[.]” (*Id.* at 1). In the R&R, the Magistrate Judge found that the grievance Defendant filed was inadequate because it only discussed “Plaintiff allegedly being transferred from ASP to HSP because of false statements,” while Plaintiff’s Eighth Amendment claim against Defendant Toby concerned Defendant Toby’s alleged improper assignment of Plaintiff to a dorm “alleged to house violent inmates[.]” (Doc. 34 at 2, 8). In his Objection, Plaintiff argues that Defendants’ assertion that Plaintiff failed to follow the proper procedures when he filed a grievance regarding his transfer from ASP to HSP was untrue (*Id.* at 1). This assertion does not address the Magistrate Judge’s finding; and the Objection is overruled.

Second, Plaintiff objects to the Magistrate Judge’s finding on the Motion for Summary Judgment that there was no evidence in the record that Defendants Berry, Banks,

3

and Gammage, who were employees at ASP, "were involved in the decision to place Plaintiff in Tier II at HSP." (Doc. 24 at 17). The Magistrate Judge further found that "even if Plaintiff could show a genuine issue of material fact as to Defendants Berry, Banks, or Gammage['s involvement], they [we]re still entitled to summary judgment . . . because Plaintiff ha[d] not shown that he had a liberty interest in avoiding assignment to Tier II." (Doc. 37 at 18). In the Objection, Plaintiff only argues that Defendants Berry, Banks, and Gammage must have been involved because he "was placed in Tier II as [soon] as [he] arrived at" HSP, that "there was no committee meeting," and that he "was treated as if [he] were involved" in the disturbance at ASP that precipitated his transfer "with no type of explanation." (Doc. 37 at 3).  He states that Defendants' report that he was involved in the disturbance "is [at] the root of all this" because he had not "had [any] prior acts of violen[ce]" while incarcerated. (Doc. 37 at 3). But Plaintiff makes no argument that the Magistrate Judge erred in finding that Plaintiff did not have a liberty interest in avoiding assignment to Tier II at HSP, and the Objection is overruled.

Finally, Plaintiff generally argues that Defendants' reliance on GDP policies in support of the Motion for Summary Judgment was disingenuous because "they really did not follow these rules[.]" (Doc. 37 at 2). The Court cannot connect this argument to any particular finding in the R&R, and thus the Court does not consider this Objection. *See Schultz*, 565 F.3d at 1361.

Accordingly, the Objections (Doc. 37) are **OVERRULED**. Having considered and overruled Plaintiff's Objections to the R&R, the Court declines to vacate the judgment against Plaintiff.

**SO ORDERED**, this 2nd day of March, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**